FRANCES B. VARLAND, NOW KNOWN AS FRANCES C. BROWNSON, v. MAURICE J. VARLAND.

248 N. W. 2d 746.

December 17, 1976—No. 46326.

*Conrad J. Carr*, for appellant.
*David K. Hackley*, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

The husband in this proceeding appeals from the judgment declaring the parties' marriage void, challenging the award to the wife in the division of their property. The wife has had a good deal of experience in the printing business. In the spring of 1969, two and a half years before their marriage, she interested the appellant in investing in a print shop in which she and another woman were partners. He agreed to invest if the business were incorporated. This was done in April 1969, 1,080 shares being issued to him and 980 to the other partner. In the fall of that year, the husband negotiated the purchase of the other partner's shares, which were transferred to him. The other partner was paid the sum of $980 for her interest, $500 of which was contributed by respondent.

There was a sharp conflict in the evidence regarding the extent of the wife's interest in the business and the contribution by each of the parties in the development of the business. The wife submitted evi-

dence that the husband's efforts were divided, as he had other ventures. The trial court found the printing business to be valued at $60,000 at the time of trial and each of the parties to be one-half owner. The court awarded the business to the wife subject to her paying to the husband the sum of $20,000, to be paid by monthly installments of $300, interest free until November 1, 1977, and by applying the balance on deposit in two savings accounts owned by the corporation and a certain percentage of its net profit on the principal debt. The wife was not given any interest in the husband's ventures developed during the period of the marriage.

The husband asserts that the trial court abused its discretion in making the award. We find nothing in the record to support this contention. In view of the short period of time the husband was engaged in the printing business as compared to the wife's admitted long experience and talent in the production side of the business, we hold that the division of the property was proper. The relationship of the parties made the operation of the business as a joint venture impossible. The court had no alternative but to award the business to one and compensation to the other. The award was within the discretion of the trial court. Respondent is awarded $300 attorneys fees on this appeal.

Affirmed.